**Mandeep BRAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75818.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

424

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Mandeep Brar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from the immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

■ Because the IJ credited Brar's claim of rape in granting relief under CAT, the omission of this detail in her father's affidavit, which she provided an explanation for, does not constitute substantial evidence. *Cf. Paramasamy v. Ashcroft,* 295 F.3d 1047, 1052–53 (9th Cir.2002) (rape victim's failure initially to report assault did not undermine credibility).

■ An intervening change in law requires us to remand because the agency

also based its adverse credibility finding on the asylum officer's Assessment to Refer memorandum ("Assessment"). In *Jarnail Singh v. Gonzales,* 403 F.3d 1081, 1085–90 (9th Cir.2005), we held that an Assessment cannot, in certain circumstances, support an adverse credibility finding. Here, as in *Jarnail Singh,* there is no transcript of the interview, no evidence that petitioner's statements during the interview were made under an oath, no indication whether the interview was conducted in Punjabi or in English, the asylum officer did not testify at the merits hearing, and the petitioner was not provided with an opportunity to review the Assessment, which the record indicates petitioner's counsel first received at the hearing before the IJ. Because the agency did not have the benefit of our decision in *Jarnail Singh* at the time it made its adverse credibility finding, we grant the petition for review and remand for further proceedings consistent with *Jarnail Singh.* *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

The IJ's additional adverse credibility findings are not supported by substantial evidence. *See Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000) (reliance on state department reports to discredit specific instances of persecution improper); *Wang v. INS,* 352 F.3d 1250, 1254 (9th Cir.2003) (failure to authenticate documents insufficient foundation for adverse credibility finding).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.